PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

─────────────

No. 11-2170

─────────────

UNITED STATES OF AMERICA

v.

JOHN R. JOHNSON,

Appellant

─────────────

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 09-cr-00501)
District Judge:  Honorable Eduardo C. Robreno

─────────────

Submitted Under Third Circuit LAR 34.1(a)
April 10, 2012

Before:  HARDIMAN, GREENAWAY, JR., and
GREENBERG, *Circuit Judges*.

(Filed:  April 19, 2012)

1

Nathan J. Schadler
Robert A. Zauzmer
Office of United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106
        *Attorneys for Plaintiff-Appellee*

Thomas C. Egan, III
621 Swede Street
Norristown, PA 19401-0000
        *Attorney for Defendant-Appellant*

_____

OPINION OF THE COURT

_____

HARDIMAN, *Circuit Judge*.

John Johnson appeals his judgment of conviction and sentence following a jury trial. Although he raises four assignments of error, Johnson's most significant claim is that the District Court's individual voir dire procedure violated his constitutional rights and the Federal Rules of Criminal Procedure. Because we are persuaded by neither Johnson's principal argument nor his ancillary claims, we will affirm the judgment and sentence of the District Court.

I

On February 3, 2007, police officers from Cheltenham Township, Pennsylvania, enlisted a confidential informant to arrange a controlled purchase of cocaine from his usual supplier,

who was later identified as John Johnson. That evening, Officer Tom Fahy and the confidential informant purchased a bag of cocaine from Johnson in the parking lot of a Home Depot. Six days later, the informant arranged a controlled purchase in Philadelphia, where officers arrested Johnson as he approached the informant's car. A search of Johnson's person yielded $200, a loaded semi-automatic handgun, two bags of white powder, and a cell phone associated with the phone number that the informant had called to arrange the buys. Laboratory testing later confirmed that the substances recovered during both buys amounted to 8.76 grams of cocaine.

Johnson was tried before a jury and convicted of cocaine distribution and possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Counts One and Two), using and carrying a firearm during a drug-trafficking offense in violation of 18 U.S.C. § 924(c)(1) (Count Three), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count Four). Johnson was later sentenced to 120 months' imprisonment, six years of supervised release, a $1000 fine, and a $400 special assessment.

Johnson raises four issues on appeal, claiming: (1) the District Court violated his constitutional rights and Federal Rule of Criminal Procedure 43 by questioning prospective jurors at sidebar outside his presence, (2) the Court abused its discretion in denying his motion to disclose the identity of the confidential informant, (3) the evidence was insufficient to support his conviction on Count Three, and (4) the Court erred by imposing

3

an upward variance.  We evaluate each argument in turn.[1]

II

During jury selection, the District Court followed the customary procedure of questioning prospective jurors first in open court and later individually at sidebar.  Johnson remained at the defense table during the sidebar proceedings, which were on the record.  The District Court ruled on challenges for cause at sidebar, and thereafter counsel returned to their tables to mark their peremptory challenges.

Johnson argues that this procedure violated his constitutional right to be present at all stages of his trial.  But neither Johnson nor his counsel objected to the procedure during jury selection, even when prompted to do so by the District Court.  The decision not to object to voir dire conducted at sidebar and outside the presence of the defendant is a tactical decision similar to the one at issue in *Gonzalez v. United States*, 553 U.S. 242 (2008).  In *Gonzalez*, the Supreme Court held that "express consent by counsel suffices to permit a magistrate judge to preside over jury selection in a felony trial." *Id.* at 250.  Noting that "acceptance of a magistrate judge at the jury selection phase is a tactical decision that is well suited for the attorney's own decision," the Court explained that

> [a] magistrate judge's or a district judge's particular approach to voir dire both in substance—the questions asked—and in tone—

---

[1] The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231.  We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

4

formal or informal—may be relevant in light of the attorney's own approach. The attorney may decide whether to accept the magistrate judge based in part on these factors. As with other tactical decisions, requiring personal, on-the-record approval from the client could necessitate a lengthy explanation the client might not understand at the moment and that might distract from more pressing matters as the attorney seeks to prepare the best defense.

*Id.*

An attorney's obligation to consult with his client "does not require counsel to obtain the defendant's consent to 'every tactical decision.'" *Florida v. Nixon*, 543 U.S. 175, 187 (2004) (quoting *Taylor v. Illinois*, 484 U.S. 400, 417–18 (1988)). As with the choice to proceed before a magistrate judge during voir dire, the decision to have a criminal defendant present—and in close proximity to individual jurors—during individual voir dire conducted at sidebar is tactical and does not require the defendant's express consent. Like counsel in *Gonzalez*, Johnson's lawyer consented to the jury selection procedures and thereby waived his client's right to challenge them. *See United States v. Sherwood*, 98 F.3d 402, 407 (9th Cir. 1996) ("Sherwood waived his right to be present [during the attorney-conducted voir dire at sidebar] by failing to indicate to the district court that he wished to be present at side bar."); *Cardinal v. Gorczyk*, 81 F.3d 18, 20 (2d Cir. 1996) ("Cardinal waived his Sixth Amendment right to observe the individual voir dire by failing to assert that right."); *see also Nixon*, 543 U.S. at 192 ("When counsel informs the defendant of the strategy counsel believes to be in the defendant's best interest

5

and the defendant is unresponsive, counsel's strategic choice is not impeded by any blanket rule demanding the defendant's explicit consent.").

Because no objection was made to the jury selection process, Johnson's claim of a Rule 43 violation is also waived. Rule 43 requires that a defendant be present at "every trial stage, including jury impanelment." Fed. R. Crim. P. 43(a). The Supreme Court has held that "failure by a criminal defendant to invoke his right to be present under [Rule 43] at a conference which he knows is taking place between the judge and a juror in chambers constitutes a valid waiver of that right." *United States v. Gagnon*, 470 U.S. 522, 529 (1985). "The district court need not get an express 'on the record' waiver from the defendant for every trial conference which a defendant may have a right to attend. . . . A defendant knowing of such a discussion must assert whatever right he may have under Rule 43 to be present." *Id.* at 528.

Likewise, we have found that "[a] defendant need not be warned expressly of his or her rights under Rule 43, nor must a waiver exist on the record [because] the simple failure to assert the right constitutes a waiver." *United States v. Bertoli*, 40 F.3d 1384, 1399 (3d Cir. 1994). As the Courts of Appeals for the First, Fourth, Eighth, and Ninth Circuits have found, we now hold that *Gagnon* applies to voir dire. *See, e.g.*, *United States v. Fernandez-Hernandez*, 652 F.3d 56, 65 (1st Cir. 2011) ("The court's questioning of the prospective jurors outside the presence of the Defendant[] was justified, and, in any event, [Defendant] waived any right to be present pursuant to Rule 43 by his failure to object at trial."); *United States v. Ford*, 88 F.3d 1350, 1369 (4th Cir. 1996) ("We agree that the defendants had the right to be present during the bench conferences with the

6

jurors, but we conclude that the defendants waived their right by failing to object before the district court swore in the jury."); *Kilmartin v. Dormire*, 161 F.3d 1125, 1127 (8th Cir. 1998) ("[Kilmartin's] right to attend and to participate in his trial . . . was not violated [by his absence from bench conferences with jurors because] Kilmartin was not excluded from the courtroom, and his counsel was present . . . [and he] voiced neither a desire to be present nor an objection to his absence."); *United States v. McClendon*, 782 F.2d 785, 788–89 (9th Cir. 1986) ("Appellants [who] did not object to their exclusion from in-chambers conferences at any time in the proceeding . . . waived their right to be present at the in-chambers voir dire."). Because *Gagnon* applies to voir dire, Johnson's claim that the District Court violated Rule 43 fails.

### III

Johnson raises three additional issues. As they are neither difficult to resolve nor of precedential import, we discuss them only briefly.

### A

Johnson claims the District Court abused its discretion in denying his motion to disclose the identity of the confidential informant. "We review the District Court's refusal to order disclosure of [a] confidential informant's identity for abuse of discretion." *United States v. Johnson*, 302 F.3d 139, 149 (3d Cir. 2002). While such disclosure is required where "an informer's identity, or . . . the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause," *Roviaro v. United States*, 353 U.S. 53, 60–61 (1957), the burden to demonstrate the need for

7

disclosure rests on the defendant, *United States v. Jiles*, 658 F.2d 194, 197 (3d Cir. 1981).

Johnson has failed to meet this burden. "The mere speculation that an eyewitness may have some evidence helpful to defendant's case is not sufficient to show the specific need required by *Roviaro*." *Id.* Though the confidential informant was an eyewitness to the two drug transactions, Johnson's suggestion that his testimony would support a mistaken-identity defense is speculative because Officer Fahy, who was present at both buys, positively identified Johnson, as did the officers who observed Johnson approach the informant's car on February 9, 2007. Because Johnson did not meet his burden under *Roviaro*, the District Court was well within its discretion in denying his motion.

B

Johnson's penultimate argument challenges the sufficiency of the evidence supporting his conviction for possession of a firearm in furtherance of a drug-trafficking offense. When evaluating whether a jury verdict rests on legally sufficient evidence, we apply "a particularly deferential standard of review." *United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998); *see also United States v. Coyle*, 63 F.3d 1239, 1243 (3d Cir. 1995) ("A claim of sufficiency of evidence places a very heavy burden on the appellant."). We review evidence in the light most favorable to the Government and "must affirm the conviction[] if a rational trier of fact could have found [the] defendant guilty beyond a reasonable doubt, and the verdict is supported by substantial evidence." *Coyle*, 63 F.3d at 1243.

When evaluating the reasonableness of a jury's finding

8

that a defendant possessed a gun in furtherance of a drug-trafficking offense, we consider

> the type of drug activity that [was] being conducted, accessibility of the firearm, the type of the weapon, whether the weapon [was] stolen, the status of the possession (legitimate or illegal), whether the gun [was] loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun [was] found.

*United States v. Sparrow*, 371 F.3d 851, 853 (3d Cir. 2004). Reviewing the evidence in the light most favorable to the Government, we hold that Johnson's illegal possession of a loaded handgun in his waistband while trafficking drugs provided substantial evidence to support the jury's conclusion that he used the weapon in furtherance of the offense. *See Coyle*, 63 F.3d at 1243.

C

Finally, Johnson challenges the substantive reasonableness of his sentence. We review this claim for abuse of discretion, *United States v. Doe*, 617 F.3d 766, 769 (3d Cir. 2010), and "will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided," *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

Johnson's Sentencing Guidelines range was 97 to 106 months, and he received a sentence of 120 months' imprisonment. The record demonstrates that the District Court carefully reviewed the relevant sentencing factors of 18 U.S.C.

§ 3553(a).  In doing so, the Court noted that Johnson's prior sentences did not "appear to have captured completely the seriousness of those offenses or the punishment that the Judges in those cases wished to impose upon [him]."  The failure of those shorter sentences to deter Johnson, his unwillingness to accept responsibility, and his long history of criminal behavior all support the District Court's upward variance.  Accordingly, we find no abuse of discretion.

IV

For the reasons stated, we will affirm the District Court's judgment of conviction and sentence.