NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-3580
_____

UNITED STATES OF AMERICA

v.

ANNA MUDROVA,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-13-cr-00164-001)
District Judge:  Honorable Timothy J. Savage

Submitted Under Third Circuit LAR 34.1(a)
May 22, 2015

BEFORE:  FUENTES, GREENAWAY, JR., and NYGAARD, *Circuit Judges*

(Filed:  July 23, 2015)

_____

OPINION[*]
_____

NYGAARD, *Circuit Judge.*

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Upon her conviction for conspiracy to commit health care fraud (18 U.S.C. § 1349), the District Court sentenced appellant Anna Mudrova to 96 months of imprisonment. In this appeal, she maintains that the District Court erred by adding a two-level sentence enhancement for ten or more victims (United States Sentencing Guidelines § 2B1.1(b)(2)(A)(i)), and that it generally erred by failing to properly apply the factors set out in 18 U.S.C. § 3553(a). We will affirm.

This opinion does not have any precedential value. Therefore, our discussion of the case is limited to covering only what is necessary to explain our decision to the parties.

Mudrova entered into a plea agreement for conspiracy to commit health care fraud. Her elaborate scheme, centered on fraudulently billing for ambulance transports of patients on medically unnecessary trips, resulted in over $1.5 million in payments from Medicare and over $300,000 in payments from supplemental insurers. Mudrova's plea agreement states the following:

> The defendant understands, agrees and has had explained to her by counsel that the Court may impose the following statutory maximum sentence for conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349: 10 years imprisonment, a term of supervised release after imprisonment of three years, a fine of $250,000 and a $100 special assessment.

(App. 3). The parties stipulated to: a base level of 6, and an upward adjustment of 24 levels for the amount of the loss involving a government health care program, her central role in the conspiracy, and for abusing a position of trust. The parties also stipulated to a

2

downward adjustment of 2 levels for acceptance of responsibility and a 1-level downward adjustment for cooperating, pursuant to section 3E.1(a) and (b) of the Guidelines. (App. 5).

By agreement, both parties were permitted "to argue the applicability of any other provision of the Sentencing Guidelines, including offense conduct, offense characteristics, criminal history, adjustments and departures." (App. 4). At sentencing, the Government requested a 2-level enhancement for Mudrova's mass marketing efforts to further her scheme (§ 2B1.1(b)(2)(A)(ii)), or alternatively, for a crime involving 10 or more victims (§ 2B1.1(b)(2)(A)(i)). The District Court determined that the mass marketing referenced in the Guidelines was different from the situation presented in this case, but it did enhance the sentence 2 levels based on the number of victims. With an offense level of 29 and criminal history category of 1, the Guidelines range was 87 to 108 months. The District Court ordered Mudrova to serve 96 months of imprisonment and to pay restitution to Medicare and other insurers in the amount of $1,860,543.42.

Mudrova maintains that the enhancement for the number of victims violates the plea agreement, because she stipulated only to one victim of her crime: Medicare. She asserts that the Government's argument for an enhancement of 10 or more victims was not anticipated in the agreement and therefore it is not a fact to which she pleaded guilty. We are not persuaded.[1] The enhancement for 10 or more victims is grounded in the very conduct to which Mudrova pleaded guilty, since it was clear that both Medicare and

---

[1] She raises the breach of plea agreement claim for the first time on appeal, and we therefore review it for plain error. *Puckett v. United States,* 556 U.S. 129, 143 (2009).

3

supplemental insurers received fraudulent bills from Mudrova's company.[2]  Moreover, she did not object to the partial list of insurers referenced as victims in the presentence report, undermining her assertion that she was aware of only one victim.  Finally, her only objection to the list of victims presented by the Government at sentencing was that all of them profited from (what she viewed as) a corrupt system.  Therefore, they were not "victims."  Yet, she admitted making claims to them, or receiving money from them. [3] The Government was well within its rights under the terms of the plea agreement to argue

---

[2] We note the contradictory position held by Mudrova on this topic in that she appeals a sentence enhancement on the basis that Medicare was the only victim, but she does not appeal the portion of the District Court's order requiring her to pay restitution to the very entities she now asserts are not victims.  In fact, she embraces the restitution to these entities in a secondary argument against the enhancement ( addressed next) that we find equally unpersuasive.  In a related matter, Mudrova asserts for the first time in her reply brief that one entity, U.S. Railroad Retirement Board, should not be counted as a distinct entity for purposes of counting the number of victims.  However, her failure to object to the order requiring her to pay this entity a separate amount in restitution fatally undermines this argument.  The District Court did not clearly err in counting this entity as a victim.

[3] At the sentencing hearing, the following exchanges occurred in reference to the District Court's deliberation on the Government's request for an enhancement for 10 or more victims:

Court:       [I]t [a claim for payment by Mudrova] was
             submitted to these insurance companies, for
             payment, they paid out, right?

Mr. Kenny:   The – yes . . .
. . . .
Court:       They've [the insurance companies] sustained
             losses, do you agree?

Mr. Kenny:   Yeah, these companies sustained losses. . . .

(App. 113-14).

4

for its applicability here, and the District Court did not clearly err by interpreting the plea agreement to allow the enhancement.

She also argues that the evidence supporting the enhancement for 10 or more victims is insufficient, resulting in error, because the Government failed to establish that the insurance companies it listed were victims of her crime. She maintains that there is no evidence showing that the companies sustained losses, or at least permanent losses, from her conduct. Yet, Mudrova ignores the fact that she admitted these companies lost money because of her conduct.[4] As a result, we conclude that the District Court did not err by applying the enhancement under 2B1.1(b)(2)(A)(i).[5]

Even if we had concluded that the District Court erred, any error would have been harmless. The 96 month sentence was—as the District Court stated—reasonable as a variance from the Guidelines, under the 18 U.S.C. § 3553(a) factors.[6] The District Court reviewed Mudrova's conduct (the targeting and recruiting of patients, the kickbacks, the extensive marketing efforts, and the risk she imposed on persons she ultimately transported in sub-standard ambulances), and noted that these aspects of her crime are not accounted for in the Guidelines. The District Court stressed that the sentence was grounded in the seriousness of the crime and the need for deterrence, given her

---

[4] See *infra,* footnote 3.

[5] Mudrova's argument that the District Court's restitution order eliminates the insurance companies' "actual loss" for sentencing purposes is absurd. Mudrova provides no evidence that she ever attempted to reimburse Medicare or the defrauded insurers either in-part or in-full prior to sentencing.

[6] We review the reasonableness of a sentence for abuse of discretion. *United States v. Johnson*, 677 F.3d 138, 143-44 (3d Cir. 2012).

"unapologetic greed" and the fact that she continued to perpetrate the crime even after knowing that she was being investigated. (App. 157-160). There is simply no support for Mudrova's argument that the District Court pre-determined the sentence and did not properly assess the case to determine an appropriate term of imprisonment. In light of this, we conclude that the District Court was well within its discretion to order an upward variance of two levels.

For all of these reasons, we affirm the sentence of the District Court.