**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2251
_____

FREDDIE FRANCIS, JR.,
Appellant

v.

CORRECTIONAL OFFICER B. FULLER; CORRECTIONAL OFFICER M. KUBICKI;
SECRET INTELLIGENCE SERVICE OFFICER E. HAYDEN; WARDEN D. EBBERT;
PHYSICIANS ASSISTANT R. CALEY; PHYSICIANS ASSISTANT E. DIMMICO;
ASSISTANT HEALTH SERVICE J. POTOPE; DOCTOR B. BUSCHMAN;
PSYCHOLOGIST C. HEIGEL; DOCTOR E. SANTOS; NURSE WALMAN;
REGISTERED NURSE S. SHOULD; HEALTH SERVICES ADMI K. DEWALD;
ASSISTANT HEALTH SERVICE R. PARKIN
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-14-cv-01248)
District Judge:  Honorable James M. Munley
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 9, 2019

Before:  GREENAWAY, JR., RESTREPO and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed January 7, 2020)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Freddie Francis appeals the District Court's final judgment in this prisoner-civil-rights case. We have jurisdiction under 28 U.S.C. § 1291. For the reasons detailed below, we will affirm.

As relevant here, this case concerns an incident that occurred on November 5, 2012, at USP Canaan, where Francis was then incarcerated. All parties agree that, on that day, Correctional Officers William Fuller, Matthew Kubicki, and Edward Hayden were performing a "cell consolidation," in which they were moving a prisoner named Van Lightning into Francis's cell. From there, though, the parties' accounts diverge. Francis claims that Officer Fuller entered Francis's cell, falsely accused Francis of kicking him, tackled Francis onto the floor, and then, along with Officer Kubicki, kicked Francis repeatedly. Officers Fuller, Kubicki, and Hayden, meanwhile, claim that when they introduced Lightning into the cell, Francis began to kick Lightning. Fuller intervened, Francis kicked him, and Fuller took Francis down. As a result of this contact between Francis and the officers, Francis suffered a cut to his head and was taken to the infirmary.

Francis filed a Bivens[1] action against the officers, alleging that they had used excessive force against him in violation of his rights under the Eighth Amendment.[2]

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

[2] In his complaint, Francis also raised claims concerning the medical care he received, but because he has not challenged the District Court's disposition of those claims, we will not address them further. See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994).

After a trial in which Francis and the officers testified, a jury found that none of the officers had violated Francis's Eighth Amendment rights. The District Court entered judgment in the defendants' favor, and Francis filed a timely notice of appeal.

Francis raises a number of arguments, but, as the defendants point out, he has failed to preserve most of his claims. For instance, he objects to the fact that Lightning did not testify at trial, but counsel elected not to call him after learning he would not testify willingly. See Plaintiff's Witness List, ECF No. 103 at 1 ("Another previously named witness, Van Lightning, is incarcerated at USP Cumberland, but he is unwilling to testify, so he will not be called, either."). Likewise, while Francis argues that evidence of his prior prison misconducts should not have been introduced at trial, counsel agreed to the admission of this evidence based on her belief that the offenses "coincide with certain racial stereotypes" and would therefore be "relevant to proving the racial motivation of the wrongful conduct alleged in this litigation." ECF No. 104 at 1. "When a litigant takes an unequivocal position at trial, he cannot on appeal assume a contrary position simply because the decision in retrospect was a tactical mistake, or perhaps a candid but regretted concession." Lima v. Newark Police Dep't, 658 F.3d 324, 333 n.2 (3d Cir. 2011) (alteration omitted) (quoting Fleck v. KDI Sylvan Pools, Inc., 981 F.2d 107, 116–17 (3d Cir. 1992)); see also Ohler v. United States, 529 U.S. 753, 755 (2000) ("a party introducing evidence cannot complain on appeal that the evidence was erroneously admitted").[3]

---

[3] To the extent that Francis complains about his trial counsel's performance, those complaints do not entitle him to any relief on appeal. See Nelson v. Boeing Co., 446

Francis also failed to preserve any challenge to the jury's verdict because he did not file a motion for judgment as a matter of law under Fed. R. Civ. P. 50(a) or a post-verdict motion under Fed. R. Civ. P. 50(b). See Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc., 546 U.S. 394, 407 (2006) ("since respondent failed to renew its preverdict motion as specified in Rule 50(b), there was no basis for review of respondent's sufficiency of the evidence challenge in the Court of Appeals"); Greenleaf v. Garlock, Inc., 174 F.3d 352, 364 (3d Cir. 1999).

Francis next contends that his rights were violated when the jury's verdict was reported before he returned to the courtroom from lunch.[4] While a plaintiff generally has the right to be present at all proceedings, see Arrington v. Robertson, 114 F.2d 821, 823 (3d Cir. 1940), that right can be waived, see United States v. Bertoli, 40 F.3d 1384, 1398 (3d Cir. 1994); Taylor v. United States, 414 U.S. 17, 20 (1973) (per curiam). Here, by Francis's own account, his attorney, who was present, agreed that the verdict could be read in his absence. See Reply Br. at 5; see also United States v. Johnson, 677 F.3d 138, 142 (3d Cir. 2012) (discussing lawyer's waiver of client's right to be present). Moreover,

_____

F.3d 1118, 1119 (10th Cir. 2006) ("The general rule in civil cases is that the ineffective assistance of counsel is not a basis for appeal or retrial."); see also Kushner v. Winterthur Swiss Ins. Co., 620 F.2d 404, 408 (3d Cir. 1980).

[4] The record does not reveal why Francis was absent. The defendants claim that counsel for both sides returned to the courtroom when summoned by the Court, but that Francis did not. After waiting for Francis for 30 minutes, the Court proceeded without him. Meanwhile, Francis contends that his lawyer called him to tell him that the jury was returning from its deliberations, but by the time he returned from lunch (he was no longer incarcerated), counsel informed him the jury had already returned its verdict. He claims that his lawyer "went along with" the Court and opposing counsel in allowing the verdict to be read in his absence. Reply Br. at 5.

neither Francis nor his attorney filed any post-judgment motion concerning his absence. See United States v. Gagnon, 470 U.S. 522, 528 (1985) (per curiam) (deeming claim waived in part because of failure to file post-trial motion).  Thus, Francis has waived this argument.

Finally, Francis objects to the fact that there were no African-Americans on the jury.  However, a litigant is "not entitled to a jury of any particular composition."  Taylor v. Louisiana, 419 U.S. 522, 538 (1975).  Francis has not alleged the defense used peremptory strikes in a racially discriminatory manner, see Batson v. Kentucky, 476 U.S. 79, 89 (1986), or that the jury was not selected from a fair cross section of the community, see Duren v. Missouri, 439 U.S. 357, 364 (1979).[5]

Accordingly, we will affirm the District Court's judgment.

---

[5] To the extent that Francis claims the District Court incorrectly instructed the jury about the excessive-force standard, we disagree.  The District Court's instructions are nearly identical to our Model Instruction and entirely consistent with relevant case law.  See Hudson v. McMillian, 503 U.S. 1, 5–8 (1992); ECF No. 132 at 41–43 (jury instruction).