# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 24-2729

UNITED STATES OF AMERICA

v.

HARRY E. DUNCAN,

Appellant

_____

Appeal from the U.S. District Court, W.D. Pa.
Judge Christy Criswell Wiegand, No. 2:22-cr-00317-001

Before: PORTER, MONTGOMERY-REEVES, and BOVE, *Circuit Judges*
Submitted: April 8, 2026; Filed: June 10, 2026

_____

NONPRECEDENTIAL OPINION*

MONTGOMERY-REEVES, *Circuit Judge*.

Harry Duncan appeals his convictions of possession with intent to distribute cocaine, cocaine base, and fentanyl under 21 U.S.C. § 841(a)(1), (b)(1)(C); unlawful possession of firearms and ammunition by a convicted felon under 18 U.S.C. § 922(g)(1); and aiding and abetting the falsification of a firearms purchase form under 18 U.S.C. § 924(a)(1)(A), (2). For the reasons that follow, we will affirm Duncan's convictions.

_____

*This is not an opinion of the full Court and, under 3d Cir. IOP 5.7, is not binding precedent.

# I. BACKGROUND[1]

In September 2022, the Allegheny County Police Department began investigating Duncan for suspected drug trafficking, using an unidentified confidential informant (the "CI") to orchestrate controlled purchases. Several of these controlled purchases, which detectives witnessed, occurred at Duncan's home, located at 1622 Loretta Drive, and one involved Duncan's car. One such purchase occurred on November 7, 2022. On that date, three detectives, including Detective Matthew Bloom, witnessed the CI buy a brick of fentanyl from Duncan (the "Controlled Purchase"). Relying substantially on the controlled purchases, Detective Bloom filed an affidavit of probable cause and obtained a warrant to search Duncan's home.

During the search of 1622 Loretta Drive, Detective Bloom asked Duncan numerous questions, which he ignored. About 15 minutes later, but before Duncan received a *Miranda*[2] warning, Duncan told Detective Carter Cecotti that only he lived at 1622 Loretta Drive and that everything inside belonged to him. Law enforcement found multiple cell phones, a check made out to Duncan, his driver's license inside a wallet, and keys to a car parked in the garage. That car was registered to Duncan, its screen displayed "a welcome for . . . Harry Duncan," and its license plate matched the car used during the Controlled

---

[1] Duncan was convicted after a jury trial so "we must defer to the jury's verdict and view the evidence in the light most favorable to the government." *United States v. Kolodesh*, 787 F.3d 224, 229 n.1 (3d Cir. 2015) (quoting *United States v. Serafini*, 233 F.3d 758, 763 n.4 (3d Cir. 2000)).

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

Purchase. Appendix (hereinafter "App. ___") 1259. Law enforcement also recovered fentanyl, cocaine, firearms, ammunition, stamp bags, and digital scales. So they arrested Duncan and charged him with possession with intent to distribute quantities of fentanyl, cocaine, and cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1).[3] Duncan proceeded to trial.

The District Court made five rulings relevant to this appeal: four rejected Duncan's efforts to exclude certain evidence, and one rejected Duncan's efforts to dismiss the felon-in-possession charge under 18 U.S.C. § 922(g)(1). Thereafter, the jury convicted Duncan on all counts, and the District Court sentenced him to 100 months' imprisonment. This appeal followed.

## II. DISCUSSION[4]

Duncan challenges his convictions in five ways. He argues that the District Court erred in (1) denying his motion to suppress; (2) denying his request for a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978); (3) denying his motions to disclose the CI's identity and exclude testimony about the CI; (4) admitting text messages of third parties as non-hearsay;

---

[3] A superseding indictment additionally charged Duncan with aiding and abetting the falsification of firearms purchase forms in violation of 18 U.S.C. § 924(a)(1)(A), (2).

[4] The District Court had jurisdiction over this case under 18 U.S.C. § 3231. We have jurisdiction over this appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

and (5) denying his constitutional challenge to 18 U.S.C. § 922(g)(1). None of Duncan's arguments have merit.

### A. Denial of Motion to Suppress

Duncan challenges the District Court's admission of his statements that only he lived at 1622 Loretta Drive and that everything inside belonged to him, but on different grounds than he raised before the District Court. Our precedent requires "litigants to preserve specific arguments for appeal, not merely issues"; "whether an argument raised on appeal is the same as one raised in the trial court requires at least that 'they depend on the same legal rule or standard' *and 'on the same facts*.'" *United States v. Sok*, 115 F.4th 251, 258 (3d Cir. 2024) (emphasis added) (quoting *United States v. Joseph*, 730 F.3d 336, 341–42 (3d Cir. 2013)).

Here, Duncan relies on the same legal rules or standards as his argument below—that the statements occurred during an unlawful detention before receiving a *Miranda* warning. But he does not rely on the same facts. Below, Duncan did not identify a single question that anyone asked him during the search, despite possessing video-camera footage of the search. Now, he argues that the same video-camera footage shows that Detective Bloom interrogated him. Because Duncan failed to raise before the District Court the suppression-related argument he presses on appeal, "we cannot consider [the argument] under Federal Rule of Criminal Procedure 12 unless he shows good cause for us to do so." *Sok*, 115 F.4th at 259. Duncan has not raised any colorable argument for good cause, so we cannot consider the merits of the new argument. *See United States v. Rose*, 538 F.3d 175, 184–85 (3d Cir. 2008).

Even if Duncan had raised this argument, we could not conclude that his statements—made voluntarily and spontaneously in the presence of a different officer about 15 minutes after Detective Bloom posed the questions, which Duncan initially ignored—were erroneously admitted. *See Oregon v. Elstad*, 470 U.S. 298, 309 (1985) ("It is an unwarranted extension of *Miranda* to hold that a simple failure to administer the warnings . . . so taints the investigatory process that a subsequent voluntary and informed waiver is ineffective for some indeterminate period . . .. [T]he admissibility of any subsequent statement should turn in these circumstances solely on whether it is knowingly and voluntarily made.").

## B. Denial of *Franks* Hearing[5]

Duncan argues the District Court erred in denying his request for a hearing relating to the warrant affidavit's omission of information bearing on the CI's credibility. To obtain a *Franks* hearing, a defendant must show "(1) that a warrant application contained false statements made with reckless disregard for the truth and (2) that the remaining truthful statements, standing alone, do not establish probable cause." *Desu*, 23 F.4th at 234 (citing *Franks*, 438 U.S. at 171–72). But Duncan has not carried his burden because the warrant affidavit relayed information about the controlled purchases that "depend[ed] upon police observation," and those observations "would not be affected by a judge's questioning of

---

[5] "We review for clear error a district court's determination regarding whether false statements in a warrant application were made with reckless disregard for the truth." *United States v. Desu*, 23 F.4th 224, 235 (3d Cir. 2022). After we disregard any "false statements made with reckless disregard for the truth, we review de novo a district court's substantial-basis review of a . . . judge's probable cause determination." *Id.*

[the CI's] credibility." *United States v. Aviles*, 938 F.3d 503, 509 (3d Cir. 2019). So Duncan fails to show reversible error.

### C. Admission of Testimony About the CI[6]

Duncan challenges the admission of testimony about the CI under the Fifth and Sixth Amendments. Both arguments fail.

First, Duncan contends the Fifth Amendment's Due Process Clause required disclosure of the CI's identity because Detective Bloom testified about the CI's involvement in the Controlled Purchase. We disagree. In *Roviaro v. United States*, the Supreme Court recognized the Government's "privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." 353 U.S. 53, 59 (1957) (collecting cases). But it explained that "the privilege must give way" when the defendant shows that "the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." *Id.* at 60–61.[7]

Duncan did not meet his burden to show that the CI's identity was relevant and helpful

---

[6] We review the denial of a motion to disclose a confidential informant's identity for abuse of discretion. *United States v. Johnson*, 677 F.3d 138, 143 (3d Cir. 2012). We review de novo the question whether the admission of evidence violates the Sixth Amendment's Confrontation Clause. *United States v. Hendricks*, 395 F.3d 173, 176 (3d Cir. 2005).

[7] We note that the CI was arguably a hearsay declarant at trial, and the government has discovery obligations with respect to non-testifying witnesses, including under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972). *See, e.g.*, *Kyles v. Whitley*, 514 U.S. 419, 444-45 (1995); *see also* Fed. R. Evid. 806. But Duncan has not provided a non-speculative reason to suggest that the CI's identity was subject to those obligations or that the government violated them in any other respect.

to his defense or was essential to a fair determination of his case. Consider the non-CI facts of Duncan's case. The government did not charge Duncan with any crime arising from the Controlled Purchase. And although the warrant affidavit for the 1622 Loretta Drive search warrant mentioned the CI's involvement in the Controlled Purchase, detectives also witnessed it. *Cf. United States v. Bazzano*, 712 F.2d 826, 839 (3d Cir. 1983) (*en banc*) ("So far as appears, the informant's role in this case was nothing more than that of allegedly providing the police with probable cause for conducting their search[.] . . . The evidence of Mollica's guilt consisted primarily of the physical evidence seized during the search. Where an informant's role was in validating a search, disclosure of his identity is not required.").

The resulting search of 1622 Loretta Drive—conducted with no involvement by the CI—revealed fentanyl, cocaine, firearms, ammunition, stamp bags, and digital scales. Witnesses testified to communication between Duncan and other non-CIs about drug transactions. And one non-CI witness admitted giving guns to Duncan in exchange for drugs. So we see no abuse of discretion in the District Court's denial of Duncan's motion.

Second, Duncan argues that Detective Bloom's testimony about the Controlled Purchase violated the Sixth Amendment's Confrontation Clause because he could not cross-examine the CI. Again, we disagree. The Sixth Amendment's Confrontation Clause prohibits the "admission of testimonial [hearsay] of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Crawford v. Washington,* 541 U.S. 36, 53–54 (2004). But "[t]he erroneous admission of testimonial hearsay in violation of the Confrontation Clause is

7

'simply an error in the trial process itself' that we may affirm if the error was harmless." *United States v. Jimenez*, 513 F.3d 62, 78 (3d Cir. 2008) (citation modified) (quoting *United States v. Hinton*, 423 F.3d 355, 361–62 (3d Cir. 2005)). An evidentiary error is harmless, and therefore a conviction must stand, "only if it is highly probable that the improperly admitted evidence did not contribute to the jury's judgment of conviction." *Id.* (quoting *United States v. Lopez*, 340 F.3d 169, 177 (3d Cir. 2003)). That is the case here.[8] The government presented, among other evidence, witnesses who testified that drugs and guns were found at Duncan's home during the search, that Duncan was communicating with several people about drug transactions, and that a witness had exchanged guns to Duncan for drugs. It is thus "highly probable" that the CI's statements to officers did not contribute to the verdict. *Jimenez*, 513 F.3d at 78.

### D. Admission of Certain Text Messages[9]

Next, Duncan objects on hearsay grounds to the admission of text messages sent to Duncan from unidentified third parties. But text messages not offered for the truth of the matter but to "put [a defendant's] statements 'into perspective and make them intelligible to the jury and recognizable as admissions'" are not hearsay. *United States v. Browne*, 834 F.3d 403, 416 n.10 (3d Cir. 2016) (quoting *Hendricks*, 395 F.3d at 184). So the District Court did not err in admitting the evidence for this expressly limited purpose.

---

[8] We assume without deciding that Detective Bloom's testimony contained the CI's testimonial hearsay.

[9] "Whether evidence is hearsay is a question of law subject to plenary review." *United States v. Sallins*, 993 F.2d 344, 346 (3d Cir. 1993).

### E. Constitutional Challenges to 18 U.S.C. § 922(g)(1)

Duncan challenges the constitutionality of his § 922(g)(1) conviction both as applied and facially. First, Duncan's as-applied challenge is subject to plain-error review because he raised it for the first time here. *See United States v. Dorsey*, 105 F.4th 526, 528, 530 (3d Cir. 2024). Duncan has not demonstrated any error, much less a "clear or obvious" one, because he points to no precedent showing that the Second Amendment protects a felon possessing a firearm while released on bond for state felony charges that included terroristic threats. *Id.* at 530. Second, our binding precedent recognizing constitutionally valid applications of § 922(g)(1) forecloses Duncan's facial challenge. *See, e.g.*, *United States v. Moore*, 111 F.4th 266, 272 (3d Cir. 2024), *cert. denied*, 145 S. Ct. 2849 (2025) (in the context of federal supervised release); *United States v. Quailes*, 126 F.4th 215, 224 (3d Cir. 2025) (in the context of state parole or probation), *cert. denied*, 146 S. Ct. 127 (2025). And Duncan's argument that § 922(g)(1) is void for vagueness under the Due Process Clause likewise fails because he does not argue "that it is vague as applied to his own conduct." *United States v. Harris*, 144 F.4th 154, 166 (3d Cir. 2025). So Duncan's § 922(g)(1) challenge fails.[10]

\* \* \* \* \*

For the reasons discussed above, we will AFFIRM.

---

[10] Duncan also argues that § 922(g)(1) violates the Commerce Clause but concedes that this argument is foreclosed by precedent. *See United States v. Singletary*, 268 F.3d 196, 205 (3d Cir. 2001).